# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **AMERICAN FAMILY MUTUAL** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 06-CV-0253-CVE-PJC** |
| | ) | |
| **YANCY Q. ALLEN,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Summary Judgment (Dkt. # 27).  Defendant filed a response (Dkt. # 30) in which he confesses that American Family Mutual Insurance Company ("American Family") has no duty to indemnify or defend Yancy Allen as a result of an automobile accident that occurred on October 3, 2003.  However, defendant states that this is a limited confession of summary judgment.

Due to defendant's confession of summary judgment, the following facts are undisputed. On October 3, 2003, defendant was driving a truck owned by his employer, CDK Distribution, Inc. Allen had permission to use the vehicle on a twenty-four hour basis for both personal and business purposes.  Allen's employer insured the vehicle through Allstate Insurance Company, and this policy was in effect on October 3, 2003.  Before the accident, Allen had previously resided in Wichita, Kansas, and he owned a 2002 Dodge Ram 1500 ("Dodge Ram").  He purchased automobile insurance through American Family for the Dodge Ram, policy number 1102 9686 01 66 FPPA KS. Defendant was involved in an automobile accident in his employer's vehicle on October 3, 2003. As a result of this accident, Allen was sued in two separate lawsuits for negligently causing personal

injuries.[1]  Allen placed American Family on notice of the lawsuits, and he demanded that American Family provide a defense and indemnify him up to the policy limits for any adverse judgment. American Family's automobile insurance policy has an exclusion, which provides that coverage does not apply to "Bodily injury or property damage arising out of the use of any vehicle, other than your insured car, which is owned by or furnished or available for regular use by you or a relative." Dkt. # 27, Ex. A.  Based on this exclusion in the policy, American Family claims that it does not have a duty to defend or indemnify defendant because, at the time of the accident, Allen was driving a vehicle other than his insured car that was provided by his employer for "regular use."

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993).  The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 317. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).  "Summary judgment will not lie if the dispute about a material

---

[1]     Defendant was sued for negligence and wrongful death in Pradham v. Allen, CJ-2005-113 (Pawnee County District Court).  In a separate lawsuit, Shrestha v. Allen, CJ-2005-197 (Pawnee County District Court), the plaintiff sued Allen to recover for personal injuries resulting from the accident.

fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Durham v. Xerox Corp., 18 F.3d 836, 838-39 (10th Cir. 1994)

Because defendant has confessed plaintiff's motion for summary judgment, there are no genuine issues of material fact precluding summary judgment.  In his response, defendant states that "pleading in good faith, [he] must confess the Plaintiff's Motion for Summary Judgment to the limited extent that the Plaintiff's policy does not provide coverage (indemnity or defense) for Yancy Allen as a result of the automobile accident that occurred on October 3, 2003."  Dkt. # 30, at 1. Therefore, plaintiff is entitled to summary judgment on its claim for declaratory relief.  Although plaintiff suggests his confession was limited, the Court finds that no further issues remain for adjudication.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. # 27) is **granted**.  A separate judgment is entered herewith.

**DATED** this 17th day of January, 2007.

_Claire V Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2]     The complaint contains a claim for declaratory relief on two issues.  Plaintiff requests a declaratory judgment holding that it does not have to provide a defense to defendant in either Pawnee County lawsuit filed as result of the automobile accident on October 3, 2003 and, further, that it has no duty to provide coverage for any judgment against defendant arising out of the same incident.  Plaintiff's confession of summary judgment specifically includes both issues, and plaintiff is entitled to summary judgment on all issues raised in the complaint.

3